ACCEPTED
03-15-00107-CV
4468940
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 9:43:21 AM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00107-CV

_____

**IN THE THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 9:43:21 AM
JEFFREY D. KYLE
Clerk

_____

**SUZANNA ECKCHUM, Appellant,**

**V.**

**THE STATE OF TEXAS FOR THE PROTECTION**
**OF HAL KETCHUM, Appellee.**

_____

**ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2**
**OF COMAL COUNTY**
**CAUSE NO. C2014-1690C**

_____

**COURT REPORTER DANA DANCE'S RESPONSE TO**
**APPELLANT'S MOTION TO CHALLENGE TRIAL COURT ORDER**
**SUSTAINING CONEST TO APPELLANTS'S AFFIDAVIT OF INDIGENCY**

_____

James S. Bettersworth
The Bettersworth Law Firm
State bar No. 24005342
110 West Faust Street
New Braunfels, Texas 78130
(830) 606-0404
(830) 626-1414 (fax)
bettersworth@bettersworthlaw.com

Attorney for Dana Dance

1

TO THE HONORABLE JUDGES OF SAID COURT:

Now Comes DANA DANCE, the Court Reporter for the Comal County Court at Law, Comal County Texas, and respectfully request that the Court deny the Appellant's request to be allowed to proceed with her appeal without payment of costs and that the order sustaining the contest be upheld; or in the alternative, that this cause be sent back to the trial court for a new hearing on DANA DANCE's contest to the affidavit of indigence filed by SUZANNA ECKCHUM pursuant to Tex.R.App.20.1(i) and for same would show unto the court as follows:

## A. Procedural History

As stated in the Appellant's motion, Appellant timely filed her notice of Appeal on February 12, 2015. On that same date, Appellant filed an "Affidavit of Indecency." DANA DANCE timely contested the affidavit on February 23, 2015 by filing her contest with the trial court clerk pursuant to Tex.R.App.20.1(e)(1). The trial court held a hearing on the contest on February 25, 2015 at 1:30 p.m. C.R. Supp.1. Notice of the hearing was sent by counsel for DANA DANCE by both certified mail and email.

The trial court signed an order sustaining DANA DANCE's contest on February 25, 2015.

## B. Argument & Authorities

The trial court did not abuse its discretion in sustaining the contest.

2

**1. When a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's allegations.**

The Appellant acknowledges that a timely contest to the affidavit of indigence was filed. According to Tex.R.App. 20.1(g), if a contest is timely filed, the party who filed the affidavit of indigence must prove the affidavit's allegations. As such, when DANA DANCE timely filed the contest, the burden to prove the affidavit's allegations shifted to the appellant. If the Appellant was incarcerated at the time of the hearing on contest is held, the affidavit must be considered as evidence and is sufficient to meet the indigent party's burden to present evidence without the indigent party's attending the hearing. The Appellant in this case was not incarcerated at the time of the hearing. The Appellant points to no authority to support the argument that when a contest is timely filed and a hearing held, the Appellant may simply rely on the affidavit as evidence of indigence. In this case, the Appellant did not prove the affidavit's allegations as required by Tex.R.App.20.1(g).

**2. Notice was sent to the Appellant pursuant to T.R.C.P. 21a**

As reflected in the certificate of service to the Contest filed by DANA DANCE, said contest was served pursuant to the Texas Rules of Civil Procedure. However, it does not appear that the contest nor the notice of hearing on same were sent out until February 23, 2015 as opposed to February 20, 2015. Counsel for DANA DANCE informed the trial court of this fact at the hearing held on February 25, 2015 at 1:30. Counsel for DANA DANCE further informed the trial court that both the contest and the notice of hearing on same were sent to the Appellant via certified mail, return receipt requested and to the email

3

address provided by the Appellant on her Affidavit of Indigence. The Appellant claims in her motion that she did not receive the certified mail which contained the contest or notice of hearing until after the hearing had been held however she does not indicate whether she received the contest and notice of hearing on same via email. Service by email is permitted by T.R.C.P. 21a(a)(2). Counsel for DANA DANCE will represent that while the contest and notice of hearing were sent to the email address provided by the Appellant on her affidavit of indigence, counsel for DANA DANCE does not have confirmation that Appellant received the email.

Both the contest and the notice of hearing on same were e-filed. Service through the electronic filing manager is permitted by T.R.C.P. 21a(a)(1). Counsel for DANA DANCE was unable to verify if the Appellant received service through the EFM system.

## C. Conclusion

FOR THESE REASONS, DANA DANCE asks the Court to deny the Appellant's motion or in the alternative that the Court refer this matter back to the trial court for a new hearing on DANA DANCE's contest.

Respectfully submitted,

*/s/ James S. Bettersworth*
JAMES S. BETTERSWORTH
The Bettersworth Law Firm
State bar No. 24005342
110 West Faust Street
New Braunfels, Texas 78130
(830) 606-0404
(830) 626-1414 (fax)
bettersworth@bettersworthlaw.com

Attorney for Dana Dance

4

## CERTIFICATE OF SERVICE

I certify that on March 12, 2015 a true and correct copy of the above and foregoing response was served to each person listed below by fax.

Joshua D. Presley
Comal County Assistant District Attorney
150 North Seguin, Suite 370
New Braunfels, Texas 78130
Fax: (830) 608-2008

Mysha Lubke
Baker Botts, L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Fax: (512) 322-2501

*/s/ James S. Bettersworth*
JAMES S. BETTERSWORTH